UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MACARIO N. DAGDAGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTINE WORMUTH,<br>Secretary, Department of the Army<br><br>    Defendant | Case: 1:23–cv–03935 JURY DEMAND<br>Assigned To : Mehta, Amit P.<br>Assign. Date : 12/11/2023<br>Description: Employ. Discrim. (H–DECK)<br><br>Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff alleges:

1. This action is brought to enforce the provisions of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e et seq. ("Title VII"), American with Disabilities Act of 1990, as codified, 29 U.S.C. §§ 12112 to 12117 and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act) as amended, 29 U.S.C. § 791 et seq.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

3. In accordance with 28 U.S.C. §§ 1331, this court has subject matter jurisdiction over this action.

RECEIVED
DEC 11 2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4. Plaintiff is a "person" within the meaning of 42 U.S.C. § 2000e (a).

5. The Plaintiff is also a disabled veteran who obtained his disabilities during his military service in the Army.

6. Defendant is the Secretary of the Department of Army.

7. Plaintiff and defendant are both employed by the U.S. Department of Army herein referred to as "Agency".

8. Susan Rasmussen is the Certifying Official assigned in Plaintiff's base in Belgium.

9. The Plaintiff filed a complaint before the Equal Employment Opportunity Commission ("EEOC") on February 24, 2021. In his charge, Plaintiff alleged, *inter alia,* that he had been discriminated against and harassed based on national origin (Asian/Filipino) by his supervisors and coworkers and that he was retaliated against because he engaged in activity protected under Title VII. Plaintiff also alleged that similarly-situated employees also were discriminated against and harassed based on national origin.

10. Plaintiff exhausted his administrative remedies at the Equal Employment Opportunity Commission, whereby all conditions precedent to the filing of suit have been performed or have occurred.

## FACTUAL ALLEGATIONS

11. Plaintiff was an Information Technology Specialist hired by the Agency at the Army Network Enterprise Center at the Supreme Headquarters Allied Powers Europe (SHAPE) in Belgium.

11. While employed, Plaintiff was directly supervised by Army CPT Spencer A. Petzold, who reported to Army LTC Jared W. Snawder.

12. The Plaintiff experienced hostile treatment from a Certifying Official, Susan Rasmussen, which occurred in several occasions.

13. Sometime in March 2020 during the height of the pandemic, there was a NETCOM and 2nd SIG BDE Telework policy for all personnel. The Plaintiff belonged to the last shop in the BDE to go on a teleworking schedule and it came to the Plaintiff's knowledge that Ms. Rasmussen is lobbying with the leadership that they should not be authorized to telework because their PD states telework is not authorized. Ms. Rasmussen imposed that Plaintiff together with other members of their shop to come in everyday despite the imminent risk brought by the exposure to COVID-19 virus. Plaintiff's effort to reach out to the leadership to provide suggestion on how their shop can operate despite limited manning was not provided with enough consideration even by his supervisor.

14. For the majority of August 2020, Plaintiff was on leave and was caught in new travel restrictions in Restriction of Movement (ROM) for two (2) weeks. He returned early in September. Upon his return, Plaintiff reviewed the Key Management Infrastructure (KMI) Log and the destruction sheet and found out that the PCM destruction sheet was mislabeled and was stamped as confidential. With this, Plaintiff asked Ms. Rasmussen if a reprint of the SF 153 necessary to reflect the proper classification and was answered with *"No, it should be ok"*.

15. On one occasion during the European Command (EUCOM) Controlling Authority (CONAUTH) inspection, despite the satisfactory results, Ms. Rasmussen blatantly ignored Plaintiff's suggestion on bringing personnel who were familiar with the program during the inspection and rather orchestrated a scenario wherein she asked for a training file from the Plaintiff which was not allegedly returned to her by the latter, thereby making him appear

incompetent in handling documents. However, it was later on discovered that this file was in fact in her office.

16. Some other specific examples of the discrimination and harassment against the Plaintiff include the assassination of the Certifying Official to his character in relation to the results of a Site Assisted Visit and a questioning of the Certifying Official on the accuracy of the information that the Plaintiff gathered which was uncalled for.

17. Plaintiff raised his concerns about the working environment he was in and the alleged the harassment he experienced from Ms. Rasmussen with CPT Spencer Petzold, the USANEC-SHAPE Company Commander through an email. He received counseling from CPT Petzold which includes a discussion on his missed IDS alarm checks and mislabeled documents.

18. Immediately after the said counseling, Plaintiff examined the forms and called NJ at BDE to inquire whether there were any guidelines stating that the IDS must be checked within 30 days and the alleged mislabeled documents were in fact properly highlighted by the Plaintiff and was brought up for revisions, but to no avail.

19. At around December of 2020, Plaintiff was placed on a telework and was revoked of his local security clearance and facility access; this was following an incident in which Plaintiff allegedly directed an Army soldiers to use a personally owned vehicle to pick up material. Plaintiff submits that this was already an existing norm or practice whenever there is unavailability of a driver, and Ms. Rasmussen has knowledge about this but that was never an issue.

20. It is worthy to note likewise that both soldiers claimed that they did not have the appropriate training to drive during winter, which is untruthful. The truth of the matter was that early in December 2020, during the management's Command Readiness Day (CRD), the management

conducted a winter safety standdown led by CPT Connor Shepard to cover winter driving safety. During the EEO process, this fact was not considered thereby showing that the cause of the revocation of the Plaintiff's security clearance is without valid ground and merely a pretext.

21. 25. On January 4, 2021, the Plaintiff contacted the USAG Benelux Equal Employment Opportunity (EEO) Office requesting information on the EEO process and stated during a phone call that he felt his suspension from duty was the result of harassment by Susan Rasmussen, Certifying Official, 39th Signal Battalion.

22. Plaintiff disposed of and continued to work based on the standards and protocol set forth by the Agency, but because of hostility, unfair treatment and incessant harassment and character assassination reflected on the foregoing paragraphs, Plaintiff was only able to work in a very limited manner.

23. During the relevant time period, the Plaintiff was also subjected to an unfair treatment when he was disqualified from the PRP and was not given enough consideration as he was already in extreme emotional distress and has suffered mental anguish caused by the management. Circumstances resulting from his removal aggravated his existing mental health condition and resulted in a dent in his employment record.

24. In addition, Plaintiff was not subjected to an individualized assessment when the Agency found the latter to be a risk in accordance with the factors to be considered as stipulated in 29 C.F.R. § 1630.2(r). This assessment must be based on objective evidence, not subjective perceptions, irrational fears, patronizing attitudes, or stereotypes about the nature or effects of a particular disability or of disability generally."

25. The Army doctor offered no explanation for her baseless conclusion. Thus, the Agency only relied upon a medical advice without a basis. The agency conducted an investigation retaining

no record for the basis of her decertification recommendation. The fact that it is officially unrecorded and thus unexplained raises questions of whether the doctor's conclusions are discriminatory because she has irrational fears or is using her baseless opinion to cover the Agency's discrimination.

**TITLE VII AND THE REHABILITATION ACT VIOLATIONS**

**COUNT I**

Title VII, 42 U.S.C. § 2000e-2(a)
Discrimination Based on National Origin Against the Plaintiff

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 to 20, above.

27. Plaintiff was discriminated against and harassed based on national origin by supervisors and coworkers.

28. The discriminatory statements, conducts and treatment were unwelcome, sufficiently severe or pervasive, detrimentally affected the Plaintiff, were viewed as subjectively hostile and abusive to a reasonable person.

29. The Agency failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of the Plaintiff.

30. The Agency discriminated against the Plaintiff on the basis of national origin in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

**COUNT II**
**Title VII, 42 U.S.C. § 2000e-3(a)**

**Hostile Work Environment Based on National Origin Against the Plaintiff**

31. Plaintiff re-alleges and incorporated by reference the allegations set forth in paragraph 1 to 20 and 24, above.

32. Plaintiff engaged in protected activity when he complained about the discrimination and harassment based on national origin.

33. In retaliation for Plaintiff's complaints, the Agency subjected him to a hostile work environment causing his suspension resulting to termination of his employment by constructive discharge.

34. Plaintiff was further decertified and removed from the Personnel Reliability Program.

35. There was a causal connection between the Plaintiff's complaints and the materially adverse actions taken against the Plaintiff by the Agency particular by the Certifying Official.

356. The Certifying Official retaliated against the Plaintiff for engaging in protected in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## COUNT III

### Section 504 of the Rehabilitation Act, 29 U.S.C. § 794
### Discrimination based on Disability Against Plaintiff

37. Plaintiff re-alleges and incorporated by reference the allegations set forth in paragraph 21-23, above.

38. Plaintiff, in all respects, was performing his job in a manner that was consistent with Agency's legitimate expectations.

39. Agency failed to exercise prompt and humane actions towards the mental health condition of the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

(a) Enjoin the Defendant from:

    i. Subjecting employees to discrimination and harassment based on national origin and disability; and

      ii. Retaliating against employees who engage in activity protected under Title VII;

(b) Order Defendants to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation, including but not limited to policies and training for employees and supervisors;

(c) Award compensatory damages to the Plaintiff to fully compensate them for their injuries caused by the Defendants' discriminatory, harassing and retaliatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Acts of 1991, 42 U.S.C. § 1981(a); and

(d) Award such additional relief as justice may require, together with the Plaintiff's costs and disbursement in this action.

(e) Re-instate the Plaintiff to federal service and complete expungement of the Plaintiff's record, which involves the mentioned counselings and performance appraisal.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

Dated: __December 11 2023__

*Signature*

_____
MACARIO N. DAGDAGAN

Plaintiff in *pro per*

PLAINTIFF'S COMPLAINT