## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

)
**MACARIO N. DAGDAGAN,**                                   )
                                                          )
    **Plaintiff,**                                      )
                                                          )
          **v.**                                )       **Case No. 23-cv-03935 (APM)**
                                                          )
**DANIEL P. DRISCOLL,**                                    )
*Secretary, Department of the Army,*[1]                    )
                                                          )
    **Defendant.**                                     )
_____ )

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiff Macario Dagdagan, proceeding *pro se*, filed this employment discrimination action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Before the court is Defendant Daniel Driscoll's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 23 [hereinafter Def.'s Mot.]. For the reasons that follow, the court grants Defendant's Motion.

### II.    BACKGROUND[2]

Plaintiff was formerly employed as an Information Technology Specialist for the Army. Compl., ECF No. 1 [hereinafter Compl.], ¶ 11. In March 2020, Plaintiff began to experience difficulties with his supervisors. Am. Compl., ECF No. 19 [hereinafter Am. Compl.], at 1. At that

---

[1] The court substitutes the current Secretary of the Army, Daniel P. Driscoll, for former Secretary Chrstine E. Wormuth. *See* Fed. R. Civ. P. 25(d).

[2] This Background section is drawn from Plaintiff's Amended Complaint and the voluminous materials Plaintiff submitted in response to Defendant's initial motion to dismiss. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 147 n.1, 152 (D.C. Cir. 2015).

time, because of the COVID-19 pandemic, employees were allowed to telework "freely." *Id.* But at a staff meeting, Plaintiff's supervisor, Captain Spencer Petzold, allegedly designated Plaintiff's—and only Plaintiff's—telework schedule as "conditional." *Id.* After that meeting, Plaintiff was "systematically excluded from team assignments and high-level meetings" without explanation. *Id.* at 2. Plaintiff, who is Filipino, alleges that this treatment—which allegedly was accompanied by "discriminatory statements"—was based on his national origin. Compl. ¶¶ 27–30; *see also* Am. Compl. at 2.

Plaintiff also claims that he "was subjected to heightened scrutiny" and "verbal reprimands" due to his mental health condition. Am. Compl. at 3. Specifically, Plaintiff was diagnosed with Post-Traumatic Stress Disorder (PTSD) in late 2017. *Id.* In early 2021, an army doctor recommended that Plaintiff be decertified from the Personnel Reliability Program (PRP) because of "mental health symptoms that remain severe and are expected to be long-term." Pl.'s Mem. in Opp'n to Def.'s First Mot. to Dismiss, ECF No. 11 [hereinafter Pl.'s First Opp'n], Ex. F, ECF No. 11-1, at 31; *see also* Am. Compl. at 3; Compl. ¶¶ 23–25.

Before he was officially decertified, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint. Compl., EEOC Decision, ECF No. 1-1 [hereinafter EEOC Decision], at 1–2. Plaintiff alleged that the Army discriminated against him on the bases of national origin (Filipino) and disability (mental and physical). *Id.* Within days of a cancelled mediation session, the Battalion Commander made the final decision to remove Plaintiff from the PRP. *Id.* at 3; Am. Compl. at 5. The Battalion Commander said that he based this decision on the doctor's recommendation and Plaintiff's "failure to disclose his medical treatment, which was required for the PRP." EEOC Decision at 3. He also noted that Plaintiff "had an opportunity to explain his failure to disclose treatment, but no explanation was provided." *Id.* at 4.

On May 23, 2022, an Administrative Judge granted the Army summary judgment, finding that Plaintiff did not raise a genuine issue of material fact as to his claims. *Id.* at 2. Plaintiff appealed his termination to the Equal Employment Opportunity Commission, which affirmed. *Id.* at 4.

Plaintiff then filed suit in this court. *See* Compl. In response, Defendant filed its first Motion to Dismiss for failure to state a claim. Def.'s Mot. to Dismiss, ECF No. 9; *see* Fed. R. Civ. P. 12(b)(6). The court granted the motion, holding that Plaintiff did not plead enough facts to state a plausible discrimination claim and that review of his PRP decertification was non-justiciable. *See* Order, ECF No. 18. The court permitted Plaintiff file an amended complaint, which he did. *See* Am. Compl. Defendant moved again to dismiss for failure to state a claim. *See* Def.'s Mot.

## III.    LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In employment discrimination cases, a complaint need not "contain specific facts establishing a prima facie case[.]" *Skierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). However, "the plaintiff must still allege sufficient facts 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Easaw v. Newport*, 253 F. Supp. 3d 22, 27 (D.D.C. 2017) (quoting *Iqbal*, 556 U.S. at 678). "Thus, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 26 (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* plaintiff's complaint is to be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), "so as to do justice,"

Fed. R. Civ. P. 8(e). Therefore, the court considers all facts put forth by Plaintiff, including in his opposition and additional filings, in the light most favorable to him. *See Brown v. Whole Foods Mkt. Grp. Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).

## IV.    DISCUSSION

Plaintiff presents three types of claims: (A) discrimination based on national origin, (B) a Rehabilitation Act claim, and (C) a retaliation claim. The court takes each in turn.

### A.    Claims Based on National Origin

Under Title VII, it is unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff appears to bring two such claims: one based disparate treatment, and another based on a hostile work environment. Am. Compl. at 1–2, 6–8.

#### 1.    *Disparate Treatment*

To successfully make out his disparate treatment claim, Plaintiff "must plead facts sufficient to allow a plausible inference that the challenged action was taken because of his [national origin]." *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 530 (D.C. Cir. 2025). This requires Plaintiff to make more than a "bare assertion" of discrimination. *Id.* at 530 n.2.

Plaintiff first asserts that "a non-Filipino coworker—who possessed comparable or even lesser qualifications—was either retained in a key role or promoted" while Plaintiff was "denied similar advancement opportunities." Am. Compl. at 2. He thus relies on a comparator theory to infer disparate treatment. *See Joyner*, 140 F.4th at 529–30. At the pleadings stage, that theory requires the complaint to contain "allegations that a comparator was similarly positioned to the plaintiff in at least some relevant respects, and include[] enough detail that [the court] could

plausibly infer that discrimination caused the defendant's differential treatment of the plaintiff." *Id.* at 531.

Plaintiff's pleading falls well short. For example, he does not allege that his coworker occupied the same position as him, describe his coworker's qualifications relative to his in any detail, or allege that he and his coworker had the same supervisor(s) making the relevant personnel decisions. *See id.* at 531–33. While Plaintiff's burden at this stage is not "onerous" and he need not plead all of these facts, his "general allegations about comparators do not provide a meaningful benchmark against which to assess whether [his employer's] treatment of him was [discriminatorily] motivated," as opposed to supported by a non-discriminatory explanation like different qualifications or supervisors. *Id.* at 532–33. "[W]ithout additional allegations showing the comparators are in fact similarly situated," Plaintiff's complaint provides only a "a threadbare recital of a legal conclusion." *Id.* at 531 (cleaned up). That is not enough to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Plaintiff's other assertions of disparate treatment, which are not based on a comparator theory, fare no better. His contentions that only his telework arrangement was labeled "conditional" and that he was "systematically excluded from team assignments and high-level meetings," Am. Compl. at 1–2, are no more than "bare assertion[s] of discrimination," *Joyner*, 140 F.4th at 530 n.2. Plaintiff does not plead any facts that would allow a plausible inference that he suffered these indignities *because* of his national origin. *See id.* at 530.

Plaintiff separately alludes to the fact that, when he reported harassment, his "supervisor immediately demonstrated bias in [the accused official's] favor, in part because she is white[.]" Pl.'s Opp'n to Def.'s Mot., ECF No. 25 [hereinafter Pl.'s Opp'n], at 5. But Plaintiff does not provide more than this conclusory statement about his employers' motives. *See id.* Without more,

Plaintiff has not plausibly alleged the discriminatory motive necessary to support a disparate treatment claim. *See Slate v. Pub. Def. Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 298 (D.D.C. 2014) (citing *Iqbal*, 556 U.S. at 678).

2. *Hostile Work Environment*

Plaintiff also brings a hostile work environment claim under Title VII. Title VII "prohibits employers from 'requiring people to work in a discriminatorily hostile or abusive environment.'" *Durant v. Dist. of Columbia Gov't*, 875 F.3d 685, 700 (D.C. Cir. 2017) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "A plaintiff pleading a hostile work environment claim must show that he was exposed to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (internal quotation marks and citations omitted). The court must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotation marks and citation omitted).

Plaintiff alleges that "the combination of derogatory comments, exclusion from professional opportunities, denial of reasonable accommodations, and the decertification from the PRP[] created a pervasive and objectively hostile work environment." Am. Compl. at 6. However, Plaintiff does not actually plead any derogatory comments or denials of reasonable accommodation based on national origin, and his purported exclusion from team assignments and high-level meetings is not, as discussed, tied to any facts that would suggest differential treatment based on national origin. *See Horsey v. U.S. Dep't of State*, 170 F. Supp. 3d 256, 266 (D.D.C. 2016) ("[E]ven the liberal interpretation that is afforded to pro se pleadings cannot save [Plaintiff's] hostile work environment claim, which contains no clear statement regarding the

6

particular facts and circumstances that support [Plaintiff's] bald contention that he was subjected to a hostile work environment.").  His allegations that his supervisors created a hostile work environment by critiquing his planning of an emergency meeting, assigning him "problematic staff members," or falsely reporting him for a security violation are similarly devoid of connections to his national origin.  *See* Pl.'s Opp'n at 13.  Plaintiff also points to the PRP decertification as a concrete example of hostility, but he does not allege that he was decertified based on his national origin.  *See* Am. Compl. at 6–7.  Therefore, Plaintiff has not pleaded enough facts to support a plausible hostile work environment claim.

### B.    Rehabilitation Act Claim

Plaintiff next claims that Defendant violated section 504 of the Rehabilitation Act, which prohibits Executive-agency employers from discriminating against an employee "solely by reason of her or his disability."  29 U.S.C. § 794(a).  This claim is premised on Plaintiff allegedly being "subjected to heightened scrutiny, verbal reprimands, and ultimately, decertification from PRP without a proper medical assessment or mental health review."  Am. Compl. at 3.  This contention lacks factual support.  Plaintiff does not describe the "heightened scrutiny" he suffered or identify the "verbal reprimands" he endured.  Nor does Plaintiff allege that his former employer took any such actions against him because of his PTSD.  *See Epps v. Potomac Elec. Power Co.*, 389 F. Supp. 3d 53, 66 (D.D.C. 2019).

To the extent Plaintiff's claim relates to his PRP decertification, which presumably requires a security clearance, *see* Am. Compl. at 5 (referencing "security clearance determinations"); EEOC Decision at 4 (describing Plaintiff's assignment to the "Nuclear PRP"), that decision is non-justiciable.  "[E]mployment actions based on denial of security clearance are not subject to judicial

review." *Bennett v. Chertoff*, 425 F.3d 999, 1001 (D.C. Cir. 2005); *see also Dep't of the Navy v. Egan*, 484 U.S. 518 (1988).

Plaintiff responds by invoking the exception to this rule announced in *Rattigan v. Holder*, 689 F.3d 764 (D.C. Cir. 2012). In *Rattigan*, the court held that a claim based on denial of a security clearance "may proceed only if [the plaintiff] can show that agency employees acted with a retaliatory or discriminatory motive in reporting or referring information that they knew to be false." *Id.* at 771. The *Rattigan* exception does not apply here. Plaintiff has not plausibly alleged that any Army employee made knowingly false statements that led to his decertification or that any employee's action was motivated by an improper purpose.

Plaintiff claims to have "smoking gun" evidence that the Certifying Official falsely reported that Plaintiff had failed to report his medical conditions when she decertified him from the PRP. Pl.'s Opp'n at 9. He points to his "complete military medical records, including all PRP screening conducted by military Competent Medical Authorities," which he contends show that he made all relevant disclosures. Pl.'s Surreply to Def.'s Reply in Supp. of Mot. to Dismiss, ECF No. 27, at 5–6.[3] But these documents do not help him. They establish that he disclosed physical ailments and depression only, not his PTSD diagnosis or treatment. Pl.'s First Opp'n, Ex. U, ECF No. 11-1; EEOC Decision at 4. Plaintiff therefore has not alleged any falsity that would support applying the *Rattigan* exception to his decertification. The court thus cannot review it.

## C. Retaliation Claim

Plaintiff lastly brings a retaliation claim, although it is unclear whether he does so under Title VII or the Rehabilitation Act. Under either statute, it is unlawful for an employer to

---

[3] "Courts may consider supplemental materials filed by *pro se* litigants in order to clarify the precise claims being asserted." *Schmidt v. Shah*, 696 F. Supp. 2d 44, 60 (D.D.C. 2010). While Plaintiff's surreply was filed without leave, the court considers it to clarify his position. Additionally, Defendant did not oppose Plaintiff's surreply or ask the court to strike it.

discriminate against an employee "because he has opposed any practice made an unlawful employment practice by [the statute], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing[.]" 42 U.S.C. § 2000e-3(a); *see Solomon v. Vilsack*, 763 F.3d 1, 5 (D.C. Cir. 2014). To sustain a retaliation claim, a plaintiff must plead sufficient facts to "show (1) that an employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two." *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013).

Plaintiff's retaliation claim centers on his decertification from the PRP "within an exceptionally short window—less than three days—after the most recent EEO activity." Am. Compl. at 5. However, for the reasons discussed above, Defendant's decertification decision is non-justiciable. *See supra* Section IV.B. Accordingly, Plaintiff's retaliation claim is dismissed.

## V.    CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 23. As Plaintiff has now twice failed to state claims, the court will not grant him another opportunity to do so.

A final, appealable order accompanies this Memorandum Opinion.

Dated:  October 30, 2025

Amit P. Mehta
United States District Judge